UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARON CONSTRUCTION CO., INC.
Plaintiff

v. C.A. No. 04 – 398ML

NORTHEAST PANEL CO., LLC., a.k.a.
NORTHEAST PANEL CO., and
BERTRAND K. ROMPRE, individually & in his
capacity as Manager of NORTHEAST PANEL CO., LLC,
Defendants

**PLAINTIFF'S SHOW CAUSE COMPLIANCE REPORT**

Plaintiff Maron Construction Co., Inc. (hereinafter "Plaintiff"), by and through its undersigned counsel, hereby complies with the Court's show cause Order. Plaintiff respectfully submits that this action should remain on the docket and not be subject to dismissal without prejudice for the following reasons.

**Case Summary**

This diversity action arises out of the parties' construction subcontract pertaining to a Rhode Island Air Nation Guard (RIANG) construction project (the Project). Plaintiff entered into a "time is of the essence" subcontract for that Project with Defendant Northeast Panel Co., LLC, aka Northeast Panel Co. ("Defendant Northeast Panel"), a Connecticut corporation. The Subcontract required Defendant Northeast Panel to provide all labor and materials to furnish and install specified roofing products and roofing systems, including essential, contractually required roofing system warranties from the roofing system manufacturer. The "time is of the essence" fixed-price subcontract required that Defendant Northeast Panel complete its specified renovation work on the existing RIANG building by August 27, 2003 and to complete its work on the new RIANG addition by November 5, 2003.

Defendant Northeast Panel breached the subcontract by providing defective work, delaying completion of the subcontract work and by failing to this very day to make critical repairs necessary to secure the contractually required roofing system warranties required by RIANG and the parties' subcontract. The complaint in this action includes four-counts, the contract and unjust enrichment counts run solely against Defendant Northeast Panel and the fraud and Rhode Island RICO counts run against Defendant Northeast Panel and Defendant Rompre.

Formally, and informally, Plaintiff has exercised its best efforts to cause the Defendant to complete the subcontract work necessary to secure the necessary manufacturer's warranty. Such efforts are on-going and remain essential to satisfy Plaintiff's executory obligations owed to RIANG. Plaintiff's efforts have included the filing of this action in 2004 and pressing for arbitration during 2005 and 2006.

As noted by the Court: "An order was entered on June 27, 2006 giving the defendant thirty (30) days to enter his appearance or obtain new counsel." That Order followed the parties' appearance before the Court on June 21, 2006.

At the conclusion of that hearing, Plaintiff's undersigned counsel successfully urged Defendant Rompre to meet with Plaintiff to define a timetable for subcontract completion. In the ensuing weeks, Plaintiff and Plaintiff's undersigned counsel made efforts to cause the Defendants to secure counsel to comply with this Court's Order and to preserve the arbitration hearing dates then scheduled for August 7, 8 and 9, 2006. Defendants' lack of cooperation frustrated and defeated all of those efforts. Since August 2006 to the present and continuing, Plaintiff has persistently continued to press Defendants to complete the subcontract work and to secure the necessary manufacturer's warranty. Those on-going efforts appear likely to secure the necessary manufacturer's warranty within the next several weeks.

In most construction situations in which a subcontractor commits a similar material breach and engages in a persistent default, the subcontractor is terminated and substitute performance is arranged. Here, monopoly-like conditions prevail that prevent Plaintiff from securing the necessary manufacturer's warranty without the participation of Defendant Northeast Panel given its status as the manufacturer's "certified installer", without which a warranty will not be issued. In these difficult circumstances, Plaintiff has endeavored to cause Defendants to assign all of their resources to the prompt completion of all work and repairs necessary to secure the essential warranty.

**Interim Relief Requested by Plaintiff**

At this time Plaintiff's undersigned counsel respectfully requests that the Court issue a renewed Order to the Defendants with an appropriate timetable to include the following:

Order the Defendants to Show Cause why each Defendant should not be held in contempt or otherwise subject to appropriate sanctions for their knowing, purposeful and on-going violation of this Court's Order entered on June 26, 2006;

Order that the Defendants file responsive pleadings to answer or otherwise respond to the unanswered complaint and to face entry of a default judgment should they fail to comply;

If acceptable to the Court, and dependent upon Defendants' further participation in these proceedings, Plaintiff anticipates the filing of one or more motions as the case now develops:

Regarding Defendant Rompre, who is not personally bound by the arbitration clause included in the parties' subcontract, a motion to declare that the Arbitration Submission Agreement is null and void based upon Defendant Rompre's breach of that Agreement to further defraud Plaintiff and to achieve delay, with the action in this Court against Defendant Rompre's being scheduled for discovery and trial.

File a motion to compel Arbitration between Plaintiff and Defendant Northeast Panel so that the arbitrator will be conducted as soon as practicable, with sanctions and attorneys fees to address the Defendants' purposeful delays to date in these Court proceedings.

Plaintiff's undersigned counsel respectfully requests the Court's indulgence with respect to the delays suffered to date concerning this unusual and on-going subcontract dispute.

Respectfully submitted,

Plaintiff Maron Construction Co., Inc.

_/s/_Charles S. Kirwan_______________

Charles S. Kirwan, Esquire (4050)
Charles S. Kirwan & Associates
204 King Philip Street
Providence, Rhode Island 02909-5751
(401) 359-1166
(401) 272-6875 (Fax)

CERTIFICATION OF SERVICE

I hereby certify that on this 5th day of March, 2007, that I caused a true copy of the foregoing to be transmitted via telecopier and mailed first class postage prepaid to the Defendants in this action: Bertrand K. Rompre and Northeast Panel Company LLC 325 Main Street, Farmington, CT 06032.

_/s/_Charles S. Kirwan_______________
Charles S. Kirwan