UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARON CONSTRUCTION CO., INC.
Plaintiff

v. C.A. No. 04 – 398ML

NORTHEAST PANEL CO., LLC., a.k.a.
NORTHEAST PANEL CO., and
BERTRAND K. ROMPRE, individually & in his
capacity as Manager of NORTHEAST PANEL CO., LLC,
Defendants

PLAINTIFF’S MOTION TO ADJUDGE
DEFENDANT BERTRAND K. ROMPRE
IN CONTEMPT OF COURT

Plaintiff Maron Construction Co., Inc. (hereinafter "Plaintiff"), by and through its undersigned counsel, hereby moves that this the Court adjudge in contempt Defendant Bertrand K. Rompre (“Defendant Rompre”). Defendant Rompre purposefully refuses to comply with two clear and unambiguous orders entered against him by this Court. Defendant Rompre purposefully defies the Court’s orders for the knowing and willful purpose of frustrating Plaintiff’s right to recover the damages that Plaintiff suffered as the direct and proximate result of the defendants’ uncontroverted breach of contract, fraud and racketeering activity.

Plaintiff supports this motion with the requisite memorandum of points and authorities filed herewith.

As a result of defendant Rompre’s refusal to acknowledge and comply with the orders and authority of the Court, the following relief is now warranted:

1. A finding that defendant Rompre stands in contempt of Court by violating and by continuing to violate the June 27, 2006 order entered against him.

2. A finding that defendant Rompre stands in contempt of Court by violating and by continuing to violate the March 6, 2007 order entered against him.

3. A finding that defendants materially breached and repudiated the parties' Arbitration Submission Agreement by refusing to plead or otherwise defend in this action and by repeatedly delaying scheduled arbitration hearings.

4. A finding that defendants' material breach and repudiation of the parties' Arbitration Submission Agreement, as well as defendant Rompre's violations of the two orders of this Court, invalidated the parties' stipulated stay, not later than March 26, 2007.

5. A finding that defendants' failure or refusal to answer, refusal to file responsive pleadings and refusal to otherwise defend now warrant instant entry of default against the defendants on all four counts of the unanswered complaint.

6. Upon entry of default against the defendants on all four counts of the unanswered complaint, a finding that entry of judgment is warranted against the defendants in the amount of $272,625.09 plus interest, attorney's fees and the costs of this action.

7. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Plaintiff Maron Construction Co., Inc.

**/s/ Charles S. Kirwan**____________
Charles S. Kirwan, Esquire (4050)
Charles S. Kirwan & Associates
204 King Philip Street
Providence, Rhode Island 02909-5751
(401) 359-1166
(401) 272-6875 (Fax)

CERTIFICATION OF SERVICE

I hereby certify that on this 23rd day of April, 2007, that I caused a true copy of the foregoing to be transmitted via telecopier and mailed U.S. Postal Service Overnight Express Mail postage prepaid to the Defendants in this action: Bertrand K. Rompre and Northeast Panel Company LLC 325 Main Street, Farmington, CT 06032.

**/s/ Charles S. Kirwan____________**
Charles S. Kirwan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARON CONSTRUCTION CO., INC.
Plaintiff

v. C.A. No. 04 – 398ML

NORTHEAST PANEL CO., LLC., a.k.a.
NORTHEAST PANEL CO., and
BERTRAND K. ROMPRE, individually & in his
capacity as Manager of NORTHEAST PANEL CO., LLC,
Defendants

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
PLAINTIFF'S MOTION TO ADJUDGE
DEFENDANT BERTRAND K. ROMPRE
IN CONTEMPT OF COURT

Plaintiff Maron Construction Co., Inc. (hereinafter "Plaintiff"), by and through its undersigned counsel, files this memorandum in support of its motion requesting that the Court adjudge in contempt Defendant Bertrand K. Rompre ("Defendant Rompre"). Defendant Rompre purposefully refuses to comply with two clear and unambiguous orders entered against him by this Court. Defendant Rompre purposefully defies the Court's orders for the knowing and willful purpose of frustrating Plaintiff's right to recover the damages that Plaintiff suffered as the direct and proximate result of the defendants' uncontroverted breach of contract, fraud and racketeering activity.

Case Summary

Plaintiff commenced this action in 2004. Thereafter, to expedite the resolution of this matter, plaintiff agreed to stay this action by stipulation in reasonable reliance on the defendants' promise to arbitrate all of the parties' disputes as recorded in the "Arbitration Submission Agreement" executed by the parties in January 2005. See Exhibit 1, Docket Entry # 5. The

defendants materially breached and repudiated the parties' Arbitration Submission Agreement by repeatedly delaying scheduled arbitration hearings.

Solely due to actions taken by the defendants and their former counsel, defendants caused the cancellation of arbitration hearing dates scheduled for the week of November 22, 2005, the week of March 16, 2006 and the week of August 7, 2006. The defendants' on-going breach and repudiation of the promise to arbitrate materially breached the parties' Arbitration Submission Agreement and thereby invalidated the stipulated stay of this action.

Defendants' repudiation of the promise to arbitrate is matched by the defendants' contempt for the orders of this Court. As noted in the Court's order entered on March 6, 2007: "On June 27, 2006, this Court … ordered defendant to enter his appearance pro se or to have successor counsel enter an appearance within 30 days of the date of entry of that order. Defendant has not complied with that order."

Thereafter, the Court's Order entered on March 6, 2007 imposed the following additional order against Defendant Rompre: "Defendant Rompre shall enter and appearance pro se or have successor counsel enter an appearance within 10 days of this order. Failure to comply with this order will result in the Court issuing an order to show cause why defendant Rompre should not be held in contempt." The Court's Pacer Docket Report as of April 23, 2007 documents defendant Rompre's on-going violation of both orders that the Court entered against him, the June 27, 2006 order and the March 6, 2007 order.

It is respectfully submitted that defendant Rompre stands in contempt of Court and that default should now enter pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against both defendants for failure to plead or otherwise defend.

The Controlling Legal Standard

When considering the issue of contempt, the Court makes “a four-part inquiry: (1) whether the alleged contemnor had notice of the order; (2) whether the order was 'clear and unambiguous'; (3) whether the 'alleged contemnor had the ability to comply' with the order; and (4) whether the alleged contemnor violated the order." Carlow v. Mruk, 2006 U.S. Dist. Lexis 19568, C.A. No. 02-538ML , 2006 WL 858080, *1 (D.R.I. March 23, 2006) (quoting United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005)). “For a party to be held in contempt, [that party] must have violated a clear and unambiguous order that left no reasonable doubt as to what behavior was expected and who was expected to behave in the indicated fashion." Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 17 (1st Cir. 1991). Finally, "any ambiguities or uncertainties in such a court order must be read in a light most favorable to the person charged with contempt." Id. at 16.

The two orders entered against defendant Rompre are clear and unambiguous. In addition, the two orders entered against defendant Rompre are not burdensome in any respect for an on-going construction company and businessman facing default liability in the amount of $272,625.09 plus interest, attorney's fees and the costs of this action.

The Court, the Plaintiff and the Plaintiff’s undersigned counsel have all repeatedly reminded Defendant Rompre that he stands responsible for on-going violations of the Court’s orders entered against him on June 27, 2006 and March 6, 2007. True to form, defendant Rompre has ignored the Court, failing even to offer any excuse for his on-going defiance of the Court and his on-going violations of the extant Orders.

Defendants profit by their repudiation of their obligations owed respectively to the Court and to the plaintiff. Defendant Rompre’s on-going and complete refusal to comply with the

Court's Orders is both willful and intentional and necessarily amounts to a contemptuous course of conduct engaged in for the obvious purpose of further frustrating plaintiff's ability to enforce plaintiff's right to legal relief.

Appropriate Sanctions

As a result of defendant Rompre's refusal to acknowledge and comply with the orders and authority of the Court, the following relief is now warranted:

1. A finding that defendant Rompre stands in contempt of Court by violating and by continuing to violate the June 27, 2006 order entered against him.

2. A finding that defendant Rompre stands in contempt of Court by violating and by continuing to violate the March 6, 2007 order entered against him.

3. A finding that defendants materially breached and repudiated the parties' Arbitration Submission Agreement by refusing to plead or otherwise defend in this action and by repeatedly delaying scheduled arbitration hearings.

4. A finding that defendants' material breach and repudiation of the parties' Arbitration Submission Agreement, as well as defendant Rompre's violations of the two orders of this Court, invalidated the parties' stipulated stay, not later than March 26, 2007.

5. A finding that defendants' failure or refusal to answer, refusal to file responsive pleadings and refusal to otherwise defend now warrant instant entry of default against the defendants on all four counts of the unanswered complaint.

6. Upon entry of default against the defendants on all four counts of the unanswered complaint, a finding that entry of judgment is warranted against the defendants in the amount of $272,625.09 plus interest, attorney's fees and the costs of this action.

7. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Plaintiff Maron Construction Co., Inc.

**/s/ Charles S. Kirwan____________**
Charles S. Kirwan, Esquire (4050)
Charles S. Kirwan & Associates
204 King Philip Street
Providence, Rhode Island 02909-5751
(401) 359-1166
(401) 272-6875 (Fax)

CERTIFICATION OF SERVICE

I hereby certify that on this 23rd day of April, 2007, that I caused a true copy of the foregoing to be transmitted via telecopier and mailed U.S. Postal Service Overnight Express Mail postage prepaid to the Defendants in this action: Bertrand K. Rompre and Northeast Panel Company LLC 325 Main Street, Farmington, CT 06032.

**/s/ Charles S. Kirwan____________**
Charles S. Kirwan