UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARON CONSTRUCTION CO., INC.
Plaintiff

v. C.A. No. 04 – 398ML

NORTHEAST PANEL CO., LLC., a.k.a.
NORTHEAST PANEL CO., and
BERTRAND K. ROMPRE, individually & in his
capacity as Manager of NORTHEAST PANEL CO., LLC,
Defendants

**PLAINTIFF'S MOTION TO EXTEND ORDERED DEADLINE FOR INVOLUNTARY DISMISSAL ABSENT FILING OF A DISPOSITIVE MOTION**

NOW COMES Plaintiff Maron Construction Co., Inc. (hereinafter "Plaintiff"), by and through its undersigned counsel, and respectfully requests that the Court extend for a period of an additional 90 days the date for the potential involuntary dismissal of this action from May 7, 2007 to August 6, 2007. By Order entered on March 6, 2007, the Court, inter alia, ordered that plaintiff either voluntarily dismiss this matter or file a dispositive motion within 60 days on or before May 7, 2007. Plaintiff responded to the Court's Order entered on March 6, 2007 by filing a motion to adjudge defendant Rompre in contempt and by filing a motion for entry of default against both defendants.

The Court's show cause Order dated February 15, 2007, and the ensuing Order dated March 6, 2007, were the Court's first orders of any sort directed to the plaintiff in this action. Subsequent to issuance of the Court's Order dated March 6, 2007, plaintiff's undersigned counsel, who has operated as a solo practitioner since October 2004, has had little available time due to the convergence of a number of unusual events. First, from March 6 through March 17, plaintiff's undersigned counsel took his first vacation since the birth of his son in July 2005. Second, upon returning from that long-scheduled family vacation, plaintiff's undersigned counsel was solely

responsible for the continued presentation of a multi-million dollar public works construction arbitration that required extensive preparations for full days of arbitration hearings scheduled for March 26, 27, 28 and 29 and April 11, 12 and 13. Additional hearing had been conducted in that case during January and February. None of these time demands involved the plaintiff, but rather involved another client, completely unrelated to the plaintiff in any way.

Regarding matters specifically pertaining to this case, and to this plaintiff, the plaintiff has in good faith attempted to mange this dispute in the most prudent and economical manner possible. As explained in greater detail in the Plaintiff's Show Cause Compliance Report filed on March 5, 2007, the defendants' actionable course of conduct, including fraud and a breach of a construction subcontract for roofing work, has not merely caused the plaintiff to suffer grave financial harm. Here, monopoly-like conditions prevail that have long prevented the plaintiff from securing the necessary manufacturer's roofing warranty without the participation of defendant Northeast Panel given its status as the manufacturer's "certified installer", without which a warranty will never get issued. In these difficult circumstances, plaintiff has endeavored to cause defendants to assign all of their resources to the prompt completion of all work and repairs necessary to secure the essential warranty. In more than 25 years in the construction industry, the plaintiff has never before been prevented from providing the project owner a contractually required roof warranty.

In retrospect, it was naïve for plaintiff to hope that the defendants would complete their corrective work, secure the warranty and conform to the terms of the parties' arbitration submission agreement. However, now that defendant Rompre openly defies the Court by refusing compliance with the Court's order dated March 6, 2007 order that warned defendant Rompre to comply with the Court's order dated June 27, 2006, it is now painfully clear that the

defendants have irrevocably breached and repudiated the terms of the parties' stay pending arbitration and must be forced to account to the Court and to the plaintiff.

The Court's scheduling discretion is very broad and the Court's obvious concerns about delay in this case warrant the greatest respect and greatest responsiveness without condition or excuse.[1] Plaintiff shall strictly and expeditiously comply with all scheduling commands of the Court.

The plaintiff respectfully urges the Court to consider the fact that plaintiff's right to secure effective relief can only be assured by the Court's retention of jurisdiction over this action. Due concern is warranted not only for the plaintiff's legal rights and legitimate expectations. Due concern is also warranted to assure that the defendants' outlandish and fraudulent course of conduct, as specifically delineated in the complaint, and as demonstrated to the Court by the on-going defiance of Defendant Rompre, not be allowed to evade the rule of law, either in defiance of the Court or at plaintiff's substantial expense. While plaintiff's naivety may well warrant second-guessing for wasting time in mistaken reliance on the defendants, the defendants certainly must be held to account for their fraudulent course of conduct and open contempt of Court.

---

[1] Although "[a] district court unquestionably has the authority to dismiss a case with prejudice for want of prosecution" in order to manage its docket, the court must consider the nature and number of violations on the part of counsel prior to taking such action. Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712 (1st Cir. 1977); see also Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996) (indicating factors to be considered in determining appropriateness of sanctions include "severity . . . [and] repetition of violations"); Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971) (holding that "dismissal is a harsh sanction which should be resorted to only in extreme cases" that have a clear record of delay or contumacious conduct); 6A Wright, Miller & Kane, Federal Practice & Procedure § 1531 (2d ed. 1990) ("Parties should not be denied relief solely because of a procedural error or unless clearly contumacious behavior is involved.").

For the foregoing reasons, its is respectfully requested that the Court extend for a period of an additional 90 days, from May 7, 2007 to August 6, 2007, the date for the potential involuntary dismissal of this action.

Respectfully submitted,

Plaintiff Maron Construction Co., Inc.

**/s/ Charles S. Kirwan**_____________
Charles S. Kirwan, Esquire (4050)
Charles S. Kirwan & Associates
204 King Philip Street
Providence, Rhode Island 02909-5751
(401) 359-1166
(401) 272-6875 (Fax)

CERTIFICATION OF SERVICE

I hereby certify that on this 24th day of April, 2007, that I caused a true copy of the foregoing to be transmitted via telecopier and mailed U.S. Postal Service Overnight Express Mail postage prepaid to the Defendants in this action: Bertrand K. Rompre and Northeast Panel Company LLC, 325 Main Street, Farmington, CT 06032.

**/s/ Charles S. Kirwan**_____________
Charles S. Kirwan