UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARON CONSTRUCTION CO., INC.
Plaintiff
v. C.A. No. 04 – 398ML

NORTHEAST PANEL CO., LLC., a.k.a.
NORTHEAST PANEL CO., and
BERTRAND K. ROMPRE, individually & in his
capacity as Manager of NORTHEAST PANEL CO., LLC,
Defendants

**MOTION FOR ENTRY OF DEFAULT JUDGMENT (RULE 55(b))**

NOW COMES the Plaintiff Maron Construction Co., Inc., by its undersigned attorney, and, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court for entry of Default Judgment against Defendant Northeast Panel Co., LLC, aka Northeast Panel Co. ("Defendant Northeast Panel"), a Connecticut corporation, and Defendant Bertrand K. Rompre ("Defendant Rompre"), jointly and severally in the amount of $353,721.06, plus prejudgment interest and court costs. The Court entered default against both Defendants on April 24, 2007. More than four (4) months have elapsed and Defendants have not objected to or appealed either entry of default.

Plaintiff herewith files the affidavit of Thomas Maron and the requisite memorandum in support of this motion. The affidavit of Thomas Maron establishes the exact quantum of Plaintiff's damages.

Respectfully submitted,

Plaintiff Maron Construction Co., Inc.

**/s/ Charles S. Kirwan____________**
Charles S. Kirwan, Esquire (4050)
Charles S. Kirwan & Associates
204 King Philip Street

Providence, Rhode Island 02909-5751
(401) 359-1166
(401) 272-6875 (Fax)

CERTIFICATION OF SERVICE

I hereby certify that on this 9th day of September, 2007, that I caused a true copy of the foregoing to be mailed certified mail return receipt requested and U.S. Postal Service Overnight Express Mail postage prepaid to the Defendants in this action: Bertrand K. Rompre and Northeast Panel Company LLC, 325 Main Street, Farmington, CT 06032.

**/s/ Charles S. Kirwan____________**
Charles S. Kirwan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARON CONSTRUCTION CO., INC.
Plaintiff
v. C.A. No. 04 – 398ML

NORTHEAST PANEL CO., LLC., a.k.a.
NORTHEAST PANEL CO., and
BERTRAND K. ROMPRE, individually & in his
capacity as Manager of NORTHEAST PANEL CO., LLC,
Defendants

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (RULE 55(b))**

Plaintiff Maron Construction Co., Inc., by its undersigned attorney, files this memorandum in support of Plaintiff's Motion for Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against Defendant Northeast Panel Co., LLC, aka Northeast Panel Co. ("Defendant Northeast Panel"), a Connecticut corporation, and Defendant Bertrand K. Rompre ("Defendant Rompre"), jointly and severally in the amount in the amount of $353,721.06, plus interest, taxable attorneys' fees and court costs. The Clerk entered default against both Defendants on April 24, 2007. More than four (4) months have elapsed and Defendants have not objected to or appealed either entry of default.

## I. ENTRY OF DEFAULT JUDGMENT IS NOW WARRANTED

The Defendants have defaulted, and, as a matter of law, have admitted all facts alleged in the four-count complaint. See In re Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability . . . ."). As established by the Complaint ¶¶ 2 and 3, this Court, pursuant to 28 U.S.C. §§ 1332, has diversity jurisdiction over this action, thereby permitting entry of judgment this action in the amount of $353,721.06, exclusive of

interest and court costs. As established by the Complaint ¶¶ 4-7, 9-47, this Court has in personam jurisdiction with respect to each Defendant because each purposefully and systematically engaged in the subject subcontract construction activities at the Rhode Island Air National Guard's airfield in Rhode Island, and each purposefully and systematically transmitted false, deceptive and fraudulent misrepresentations to the Plaintiff in Rhode Island and secured payments under false pretenses from the Plaintiff in Rhode Island. See Eastland Bank v. Massbank for Sav., 749 F. Supp. 433, 435-440 (D.R.I. 1990) (court had specific in personam jurisdiction over Massachusetts defendant's dishonor of draft on a letter of credit). As docketed by this Honorable Court on September 29, 2004, each Defendant was properly served the summonses and complaint as confirmed by duly signed and returned certified mail return reciepts on file with the Court. (See Docket entries 3 and 4).[1]

Because Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances consituting fraud… shall be stated with particularity", the four-count complaint contains many specifc factual averments that detail the Defendants' purposeful and systematic

---

[1] As fully delineated in the Plaintiff's Motion to Adjudge Defendant Bertrand K. Rompre in Contempt of Court, the Defendants' material breach and repudiation of the parties' Arbitration Submission Agreement, as well as Defendant Rompre's on-going violation of two orders of this Court, invalidated the parties' stipulated stay in this matter not later than March 26, 2007. As a matter of law, the Defendants' uncontroverted material breach and repudiation of the parties' Arbitration Submission Agreement invalidated the stay pending arbitration in this matter. As a matter of law, the Defendants may not further exploit that violated and nullified stipulated stay pending arbitration now to forestall the instant entry of default judgment pursuant to Rule 55 (b). Cf., Conetta v. Nat'l Hair Care Ctrs., Inc., 236 F.3d 67, 75, 78 (1st Cir. 2001) (affirming district court's refusal to set aside default where defendant's president knew that amended complaint had been filed and chose for improper reasons not to defend the case); McKinnon v. Kwong Wah Rest., 83 F.3d 498, 502, 509 (1st Cir. 1996) (upholding denial of motion to lift default and file late answer where defendants were granted one enlargement of time but still failed to file timely answer). Defendants profit by their repudiation of their obligations owed respectively to the Court and to the Plaintiff. Defendant Rompre's on-going and complete refusal to comply with the Court's Orders is both willful and intentional and necessarily amounts to a contemptuous course of conduct engaged in for the obvious purpose of further frustrating Plaintiff's ability to enforce Plaintiff's right to legal relief.

transmission of knowingly false, deceptive and fraudulent misrepresentations to the Plaintiff that secured payments from the Plaintiff under false pretenses. As a matter of law, the Defendants have admitted all facts alleged in the four-count complaint: Count I - NEP's Contract Liability, Count II - NEP's Unjust Enrichment, Count III - Defendants' Fraudulent Misrepresentations, and Count IV - Defendants' Racketeering in violation of R.I. Gen. Laws § 7-15-4, constituting a series of successful attempts to obtain money from Plaintiff under false pretenses. See Complaint ¶¶ 4-7, 9-72. In re Home Restaurants, Inc., 285 F.3d at 114. It is respectfully submitted that the record is now ripe for entry of default judgment against the Defendants, jointly and severally, in the amount in the amount of $353,721.06, plus interest and court costs.

## II. QUANTUM

In addition the operative admissions imposed as a matter of law by the Defendants' unappealed entries of default, the attached Affidavit of Thomas Maron, Plaintiff's cognizant Vice President, further confirms that all factual averments contained in the complaint are true and correct. Maron Affidavit,¶ 7. Mr. Maron was responsible for all negotiations and communications with Defendants regarding the subject construction subcontract. Maron Affidavit, ¶¶ 4-6.

Mr. Maron's affidavit explains that Defendants were contractually obligated to complete their roofing subcontract work by November 5, 2003. Maron Affidavit, ¶¶ 4-6. In breach of that obligation, even as of the date of the filing of this Motion, Defendants remain in breach by failing or refusing to perform the remedial work necessary to secure the contractually required roofing warranty. Maron Affidavit, ¶6.

Due to the on-going problems with the Defendants' delayed, incomplete and defective roofing work, and by virtue of the Plaintiff's obligation to the Rhode Island Air National Guard

to provide a suitable roof and roof warranty as specified, Plaintiff, subsequent to the filing of the complaint in this action on September 10, 2004, has continued to incur (and will continue to incur) substantial actual damages as the direct and proximate result of the Defendants' wrongful course of conduct. Maron Affidavit,¶ 7. Mr. Maron's affidavit explains that while the complaint accurately reported $90,875.03 as the amount of the Plaintiff's actual monetary damages accounted for as of the filing of the Complaint in September 2004 (See Complaint ¶¶ 1 and 48), due to the on-going, uncured character of the Defendants' wrongful course of conduct, the Plaintiff's actual monetary damages have continued to accrue during the ensuing three (3) years, and, as a result, Plaintiff's actual damages now amount to $117,907.02. Maron Affidavit, ¶¶ 7-9. As noted in Mr. Maron's Affidavit, Count IV of the complaint seeks an award that trebles Plaintiff's actual monetary damages, now warranting imposition of a default judgment in the amount of $353,721.06, plus interest and costs. Maron Affidavit, ¶¶ 8-9.

As explained in Mr. Maron's Affidavit, he relied upon contemporaneously prepared business records regularly maintained in the course of Plaintiff's business to prepare the current $117,907.02 calculation of the Plaintiff's actual damages. Maron Affidavit,¶ 8. Mr. Maron's Affidavit also confirms that his current calculation of Plaintiff's actual damages is fair and reasonable, conforms to the controlling terms of the parties' subcontract, conforms to standard construction industry accounting practices, and accurately records actual expenses that the Plaintiff incurred. Id.

To substantiate and explain his damage calculation, Mr. Maron attached to his Affidavit a five (5) page summary that specifies the $42,691.90 balance remaining on the parties' subcontract (that operates as a credit in favor of the Defendants) and each element of the Plaintiff's documented $117,907.02 actual financial damages. Maron Affidavit, ¶-9. The net

amount of $117,907.02 owed by the Defendants includes no interest, but does include $17,000 in attorneys' fees paid by Plaintiff as allowed by the express terms of Paragraph 23 of the parties' subcontract.[2] Accordingly, Plaintiff stands entitled to entry of default judgment jointly and severally against the Defendants in the amount of $353,721.06, plus interest and court costs.

**A. Plaintiff's Actual Costs Are Reasonable and Fully Recoverable**

Uncontroverted evidence of Plaintiff's actual performance costs proves Plaintiff's damages in the amount of $117,907.02. Pawtucket Institute for Savings v. Gagnon, 475 A.2d 1028, 1031 (R.I. 1984), holds that in proving costs to support a construction damage claim against a defaulting subcontractor, the general contractor's "actual costs of completion are prima facie evidence of the amount it was entitled to recover, unless challenged by probative, countervailing evidence sufficient to undermine that presumption of reasonableness of the documented proof of the expenditures made by the plaintiff [general contractor]." As in Pawtucket Institution for Savings, here the five (5) page attachment to the Maron Affidavit constitutes unrebutted, uncontroverted evidence of Plaintiff's actual costs providing a detailed list of the costs incurred as the direct and proximate result of the Defendants' wrongful course of conduct.

**B. Appropriate Mark-up Rates**

The cost schedule attached to Mr. Maron's Affidavit includes a combined fifteen percent (15%) mark-up for overhead and profit on Plaintiff's expenditures for labor and materials in the amount of $18,552.83. This is reasonable and consistent with standard construction industry

[2] See parties' Subcontract at p. 18: "23. LOSSES ATTRIBUTABLE TO SUBCONTRACTOR: It is also agreed that any damage, loss, cost or expense, **including attorneys' fees,** suffered or incurred by the Contractor due to the failure of the Subcontractor to perform any of its obligations under this Subcontract including the cost of any proceedings to enforce the Subcontractor's obligations hereunder shall be chargeable to and paid by the Subcontractor on a current basis as such costs, fees and damages accrue or become due."

accounting practices. For example in Enviroserve, Inc. and Nat'l Union Fire Ins. Co., 301 F. Supp. 2d 56 (D.Mass. 2003), the United States District Court in Massachusetts added the following mark-ups to the subcontractor's Miller Act recovery of unpaid out of pocket costs:

> The defendant also urges that the plaintiff has failed to "demonstrate with reasonable certainty and specificity the overhead amount" of 15% contained in its claim. (Def. Prop. Find. Fact and Rul. Law at 9, P 5.). However, I credit the testimony of Metric's president, Mr. Sampson, on this matter, (Tr. 1 at p. 79, 1. 6 - p. 82, 1. 20), and find **the claimed rates of 15% for overhead and 10% for profit to be appropriate and customary within this industry.**

As the Rhode Island Supreme Court has instructed: "Ordinarily, reasonable value is the cost to the contractor of the labor and materials supplied by them, with a fair profit added thereto." Gustafson & Sons, Inc. v. Walek, 643 A.2d 179 (R.I. 1994) (mechanics lien case). In the circumstances of this case, given the fact that Plaintiff was not paid to self-perform (or correct) the roofing work that Plaintiff paid the Defendants to perform, it would be entirely fair and reasonable under the circumstances, and in line with what the Enviroserve opinion cited as "appropriate and customary within this industry" to allow a combined mark-up of 15% to 25% under the circumstances. In line with Gustafson & Sons, Inc. , here 25% is a "fair profit" and 15% is essential to make whole the Plaintiff.

### C. The Default Judgment Properly Includes R.I. RICO Treble Damages

The law fully permits inclusion of treble damages as part of the default judgment requested pursuant to the Rhode Island Racketeer Influenced Corrupt Organizations Act regarding the violations alleged in Count IV of the Complaint. See e.g., Estates of Yaron Ungar v. Palestinian Auth., 304 F. Supp. 2d 232 (D.R.I.) (upholding Magistrate's entry of default judgment that included award of treble damages under anti-terror statute); Warner-Lambert Co. v. A & A Candy & Tobacco Co., No. 96-1334, 1997 U.S. App. Lexis 20760 (4th Cir. 1997) (upholding district court's award of treble damages and attorney fees against the candy company

in a trademark infringement and unfair competition action for failure to respond to an order to show cause for contempt of court); OneBeacon Ins. Co. v. Milbourne, C. A. No. 1:04-cv-3596-WSD, 2005 U.S. Dist. Lexis 40935 (N.D. Ga. 2005) (awarding RICO treble damages as part of default judgment).

As alleged in the Complaint, the specifically identified fraudulent misrepresentations made by the Defendants to the Plaintiff constituted successful attempts to obtain money under false pretenses from Plaintiff, and, as such, constituted the actionable predicate offense of larceny under the Rhode Island Racketeer Influenced Corrupt Organizations Act (R.I. RICO) within the meaning of R.I. Gen. Laws § 7-15-4.[3] Under Rhode Island law, R.I. RICO does not require proof of a "pattern of racketeering activity" and Count IV demonstrates that the Defendants through their several successful acts of larceny, fraudulently obtained undeserved payments and used those funds, acquired through such racketeering activity, to fund, maintain an interest in, and participate in the subject construction project in violation of R.I. Gen. Laws § 7-15-2 (b) and (c). As the result of the Defendants' racketeering activity, Plaintiff suffered substantial harm to its business and property, including but not limited to the fraudulent overpayments secured by the Defendants, Plaintiff's Subcontract completion costs, other damages, and perhaps most importantly, loss of contract opportunities on other Rhode Island Air

[3] National Credit Union Admin. Bd. v. Regine, 795 F. Supp. 59, 70-71 (D.R.I. 1992) (discussing elements of proof necessary to establish claim for treble damages based upon violation of Rhode Island RICO Act based upon usury violations); State v. Brown, 486 A.2d 595, 599 (R.I. 1985) ("Thus, the elements of a RICO offense are (1) the commission of one act of racketeering activity and (2) the use or investment of the proceeds of the racketeering activity in the establishment, conduct, or operation of an enterprise."); Sheehan v. Richardson, 315 B.R. 226 (D.R.I. 2004), aff'd 185 Fed. Appx. 11 (1st Cir 2006) (upholding Bankruptcy Court's award of treble damages for violation of Rhode Island RICO Act based upon usury violations).

National Guard projects and the associated loss of goodwill and damage to its business reputation as a general contractor known for excellence and reliability.

The procedural mechanism, a default judgment, does not operate to limit the Plaintiff's recovery. Plaintiff stands entitled to treble damages based upon the Complaint's detailed factual allegations that the Defendants admitted by virtue of their unappealed default.

**D. Prejudgment Interest Properly Runs from November 5, 2003**

This is a diversity action that is governed by the substantive law of the State of Rhode Island including the prejudgment interest statute, R.I. Gen. Laws § 9-21-10(a).[4] See Fratus v. Republic Western Ins. Co., 147 F.3d 25, 30 (1st Cir. 1998) ("In diversity cases, state law must be applied in determining whether and how much pre-judgment interest should be awarded."). Rhode Island prejudgment interest, although partly intended to compensate the plaintiff for temporary loss of the use of his money, is also administrative, being intended to promote the prompt settlement of claims. Roy v. Star Chopper Co., Inc., 584 F.2d 1124, 1135 (1st Cir. 1978).

The defaulting Defendants have had the benefit of their fraud for almost four years and Plaintiff should be made whole not only for its out-of-pocket damages but should also be awarded prejudgment interest to compensate for its "inability to utilize funds rightly due" them. R.I. Tpk. & Bridge Auth. v. Bethlehem Steel Corp., 446 A.2d 752, 757 (R.I. 1982). On the facts of this one-sided case, the imposition of prejudgment interest running

[4] R.I. Gen. Laws § 9-21-10(a), in pertinent part, provides: "In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein.

from November 5, 2003, the completion date imposed by the parties' Subcontract, would be fair and equitable. Maron Affidavit,¶ 6.

**III. CONCLUSION**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court may enter default judgment against a party following an entry of default by the Clerk. Where the amount due is not ascertainable from the pleadings, the Court may rely on affidavits or other documentary evidence in determining the amount of the judgment. F.R.C.P. 55(b)(2); In re: The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002); Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 63-64 (1st Cir. 2002). The only issue before the Court is the amount of the judgment because a "defaulting party 'is taken to have conceded the truth of the factual allegations in the complaint as establishing grounds for liability as to which damages will be calculated.'" Ortiz-Gonzalez, 277 F.3d at 62-63 (affirming district court's finding that defaulting party was liable for copyright infringement alleged in complaint despite the defaulting party's delayed attempt to defend in their reply to plaintiff's post-trial memorandum and request for damages), citing Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999); accord, In re: The Home Restaurants, Inc., 285 F.3d at 114 (upholding default judgment award and rejecting defaulting party's argument that the district court could not grant judgment on the merits without a hearing to determine whether the claims were meritorious, "it is precisely the right to contest liability that a party gives up when it declines to participate in the judicial process [by defaulting].")

Pursuant to the above-stated controlling standard applicable to Rule 55(b) default judgments, based upon the Complaint, and the based upon the record in this action, Plaintiff now

stands entitled to instant entry of default judgment jointly and severally against the Defendants in the amount of $353,721.06, plus interest and court costs.

Respectfully submitted,

Plaintiff Maron Construction Co., Inc.

**/s/ Charles S. Kirwan____________**

Charles S. Kirwan, Esquire (4050)
Charles S. Kirwan & Associates
204 King Philip Street
Providence, Rhode Island 02909-5751
(401) 359-1166
(401) 272-6875 (Fax)

CERTIFICATION OF SERVICE

I hereby certify that on this 9th day of September, 2007, that I caused a true copy of the foregoing to be mailed certified mail return receipt requested and U.S. Postal Service Overnight Express Mail postage prepaid to the Defendants in this action: Bertrand K. Rompre and Northeast Panel Company LLC, 325 Main Street, Farmington, CT 06032.

**/s/ Charles S. Kirwan____________**
Charles S. Kirwan