UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARON CONSTRUCTION CO., INC.
Plaintiff
v. C.A. No. 04 – 398ML

NORTHEAST PANEL CO., LLC., a.k.a.
NORTHEAST PANEL CO., and
BERTRAND K. ROMPRE, individually & in his
capacity as Manager of NORTHEAST PANEL CO., LLC,
Defendants

PLAINTIFF'S MOTION TO CONDUCT DEFAULT JUDGMENT HEARING ON SEPTEMBER 25, 2007 TOGETHER WITH OTHER HEARINGS NOTICED FOR THAT DATE

NOW COMES Plaintiff Maron Construction Co., Inc., by its undersigned attorney, and, pursuant to Rules 1, 6(b), 40, 55 and 78 of the Federal Rules of Civil Procedure, hereby moves that this Honorable Court conduct the hearing on Plaintiff's Motion for Default Judgment against the Defendants on September 25, 2007, together with the Motion to Adjudge in Contempt Defendant Bertrand K. Rompre noticed for hearing on that date. No objection has been filed in opposition to the Plaintiff's Motion to Adjudge Defendant Rompre in contempt. Also currently scheduled for September 25, 2007 in this matter is the hearing regarding that portion of the Court's Order entered on March 6, 2007, that ordered the Plaintiff either to voluntarily dismiss this matter or file a dispositive motion on or before May 7, 2007.

In support of this motion, Plaintiff herewith files the requisite memorandum of points and authorities.

WHEREFORE, Plaintiff respectfully requests that the hearing on Plaintiff's Motion for Default Judgment be conducted on September 25, 2007 together with the hearings on the Plaintiff's Motion to Adjudge Defendant Rompre in Contempt and the hearing regarding Plaintiff's compliance with the Court's Order entered on March 6, 2007.

Respectfully submitted,

Plaintiff Maron Construction Co., Inc.

**/s/ Charles S. Kirwan____________**
Charles S. Kirwan, Esquire (4050)
Charles S. Kirwan & Associates
204 King Philip Street
Providence, Rhode Island 02909-5751
(401) 359-1166
(401) 272-6875 (Fax)

CERTIFICATION OF SERVICE

I hereby certify that on this 9th day of September, 2007, that I caused a true copy of the foregoing to be mailed certified mail return receipt requested and U.S. Postal Service Overnight Express Mail postage prepaid to the Defendants in this action: Bertrand K. Rompre and Northeast Panel Company LLC, 325 Main Street, Farmington, CT 06032.

**/s/ Charles S. Kirwan____________**
Charles S. Kirwan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARON CONSTRUCTION CO., INC.
Plaintiff
v. C.A. No. 04 – 398ML

NORTHEAST PANEL CO., LLC., a.k.a.
NORTHEAST PANEL CO., and
BERTRAND K. ROMPRE, individually & in his
capacity as Manager of NORTHEAST PANEL CO., LLC,
Defendants

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO CONDUCT DEFAULT JUDGMENT HEARING ON
SEPTEMBER 25, 2007 TOGETHER WITH OTHER HEARINGS NOTICED FOR THAT DATE

Plaintiff Maron Construction Co., Inc., by its undersigned attorney, pursuant to Rules 1, 6(b), 40, 55 and 78 of the Federal Rules of Civil Procedure, files this memorandum in support of Plaintiff's Motion requesting that this Honorable Court conduct the hearing on Plaintiff's Motion for Default Judgment against the Defendants on September 25, 2007 together with the Motion to Adjudge in Contempt Defendant Bertrand K. Rompre noticed for hearing on that date.

No objection has been filed in opposition to the Plaintiff's Motion to Adjudge Defendant Rompre in contempt. Also currently scheduled for September 25, 2007 in this matter is the hearing regarding the Court's Order entered on March 6, 2007, that ordered the Plaintiff either to voluntarily dismiss this matter or file a dispositive motion on or before May 7, 2007.

Plaintiff has attempted to achieve substantial compliance with the Court's Order entered on March 6, 2007, initially, by filing a motion to adjudge defendant Rompre in contempt and by filing a motion for entry of default against both defendants, and now, by seeking entry of default judgment to conclude this action expeditiously. The Clerk entered default against both Defendants on April 24, 2007 and neither Defendant has objected to or appealed the twin entries of default.

Thereafter, the Court acquiesced in hearing extensions jointly sought by the parties as part of

unfruitful attempts to cause the Defendants to secure the essential roof warranty and thereby pursue a practical resolution of this action. To date, in the face of both threats and inducements, the Defendants have not yet taken the steps necessary to secure the essential roof warranty. Accordingly, Plaintiff respectfully requests that this Honorable Court rule that Plaintiff has complied with the Order entered on March 6, 2007, or, in the alternative, rule that Plaintiff's subsequent filings have mooted the Order entered on March 6, 2007.

In support of this scheduling motion, it is noted that this Honorable Court, the Plaintiff and the Plaintiff's undersigned counsel have all repeatedly reminded Defendant Rompre that he stands responsible for on-going violations of the Court's orders entered against him on June 27, 2006 and March 6, 2007. It is respectfully submitted that, in evaluating this scheduling motion, pertinent practical and equitable considerations properly include recognition of the substantial likelihood that Defendants will continue to ignore, not only their legal obligations owed to the Plaintiff, but also the power, authority and express Orders of this Honorable Court. Defendants continue to profit by their repudiation of their obligations owed respectively to the Court and to the Plaintiff. Defendant Rompre's on-going and complete refusal to comply with the Court's Orders is both willful and intentional and necessarily amounts to a contemptuous course of conduct engaged in for the obvious purpose of further frustrating plaintiff's ability to enforce plaintiff's right to legal relief.[1]

[1] The crystal clear character of the Defendants' liability to Plaintiff is matched only by the Defendants' contempt for the Orders of this Court. As noted in the Court's Order entered on March 6, 2007: "On June 27, 2006, this Court … ordered defendant to enter his appearance pro se or to have successor counsel enter an appearance within 30 days of the date of entry of that order. Defendant has not complied with that order." Thereafter, the Court's Order entered on March 6, 2007 imposed the following additional Order against Defendant Rompre: "Defendant Rompre shall enter and appearance pro se or have successor counsel enter an appearance within 10 days of this order. Failure to comply with this order will result in the Court issuing an order to show cause why defendant Rompre should not be held in contempt." The Court's Pacer

Wherefore Plaintiff respectfully requests that the hearing on Plaintiff's Motion for Default Judgment be conducted on September 25, 2007 together with the hearings on the Plaintiff's Motion to Adjudge Defendant Rompre in Contempt and the hearing regarding Plaintiff's compliance with the Court's Order entered on March 6, 2007.

Respectfully submitted,

Plaintiff Maron Construction Co., Inc.

**/s/ Charles S. Kirwan____________**
Charles S. Kirwan, Esquire (4050)
Charles S. Kirwan & Associates
204 King Philip Street
Providence, Rhode Island 02909-5751
(401) 359-1166
(401) 272-6875 (Fax)

CERTIFICATION OF SERVICE

I hereby certify that on this 9th day of September, 2007, that I caused a true copy of the foregoing to be mailed certified mail return receipt requested and U.S. Postal Service Overnight Express Mail postage prepaid to the Defendants in this action: Bertrand K. Rompre and Northeast Panel Company LLC, 325 Main Street, Farmington, CT 06032.

**/s/ Charles S. Kirwan____________**
Charles S. Kirwan

---

Docket Report as of April 23, 2007 documents defendant Rompre's on-going violation of both Orders that the Court entered against him, the June 27, 2006 Order and the March 6, 2007 Order.